IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
JAN -5 2015
CLERK, U.S. DISTRICT COURT
By _____
          Deputy

| | |
|---|---|
| ERNESTINE WILLIAMS AND ALL OTHER OCCUPANTS, § § § | |
| Plaintiff, § § | |
| VS. § | NO. 4:14-CV-908-A |
| NEW YORK BANKERS, § § § | |
| Defendant. § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

The above-captioned action is before the court by reason of a notice of removal filed November 7, 2014, by plaintiffs Ernestine Williams and all occupants.[1] Defendant, New York Bankers was awarded the property at 1121 E. Jefferson Ave., Fort Worth, TX 76104 on September 3, 2014 in cause number JP08-14-

---

[1] Though the paperwork from cause number 2014-5253 suggests that "Ernest Williams and all occupants" are the defendants in the state court action, the notice of removal states that "Ernestine Williams and all Occupants" are the plaintiffs. In order to conform with the case style, the court will refer to Ernestine Williams and all occupants as plaintiffs, and New York Bankers as the Defendant.

1

E79094 in the Justice Court Eighth Precinct of Tarrant County Texas. Plaintiffs appealed that order on or about September 9, 2014, in the County Court at Law Number One of Tarrant County, Texas as cause number 2014-52531. Such court issued a judgment of possession to defendant on November 4, 2014. That appeal, cause number 2014-52531, is the case which plaintiffs seek to remove under 28 U.S.C. §§ 1441 and 1446. Their civil cover sheet states that this court has federal question jurisdiction over this action. Defendant filed a motion to remand on December 5, 2014, and plaintiffs filed no response.

II.

Analysis

A. Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict

2

construction of the removal statute."[2] <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000). Furthermore, federal jurisdiction cannot be predicated on a defense or counterclaim. <u>Vaden v. Discovery Bank</u>, 556 U.S. 49, 60 (2009).

B. <u>Federal Question Jurisdiction</u>

The state court action does not involve a question of federal law. The underlying case plaintiffs seek to remove, as far as the court can tell, seeks to determine the right to possess the property at 1121 E. Jefferson Ave., Fort Worth, TX 76104. Such is not a federal law question. However, plaintiffs' attached a complaint form to their notice of removal, which states "Unlawful sale of property due to property tax - 31 USC

---

[2] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

3124". Regardless of whether such statement is considered a defense or counterclaim, it cannot create federal question jurisdiction. For that reason, this court does not have subject matter jurisdiction over this case, and as such, it should be remanded.

C. <u>Request for Attorney's Fees</u>

Defendant's motion to remand also requests an award of $2,000.00 in attorney's fees. The court has discretion to award costs and fees where it determines that removal was improper. <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 292 (5th Cir. 2000). The court declines to exercise such discretion in this case.

V.

<u>Order</u>

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

The court further ORDERS that the request of defendant, New York Bankers, for attorney's fees is denied.

SIGNED January 5, 2015.

_____
JOHN McBRYDE
United States District Judge